## Bowers, Appellant, v. Rineard.

209      545
28 SC  630

*Promissory notes—Alterations in note—Evidence.*

Where in an action on a promissory note it appeared from inspection that the date of the note was changed, and that it was also altered so as to become payable after the maker's death, instead of one year after its date, and the evidence is uncontradicted that the alterations were made while the note was in possession and control of the plaintiff, and there is no evidence as to why the alterations were made, or when they were made, or that the maker of the note had any knowledge that they were made, the court commits no error in directing a verdict for defendant. In such a case the alterations of the note so as to make it become payable after the maker's death, instead of one year after its date, is a material alteration prejudicial to the interests of the maker.

Argued May 24, 1904. Appeal, No. 5, May T., 1904, by plaintiff, from judgment of C. P. Dauphin Co., June T., 1903, No. 290, on verdict for defendant in case of Catharine E. Bowers v. Samuel W. Rineard and Milton G. Potts, executors of Samuel Rineard, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit on a promissory note. Before JACOBS, J.

The facts appear by the opinion of the Supreme Court.

Plaintiff presented the following points:

1. The presumption is, in an action between the parties to a nonnegotiable note with apparent alterations on its face, that said alterations were made prior to the execution and delivery of said note, unless the said alterations are material and prejudicial to the maker, and impose some burden or peril upon him. *Answer:* This is refused. [1]

2. The alterations, although apparent and made in material parts of the note in suit, are not prejudicial to the maker, or beneficial to the payee, and therefore the presumption that they

were made prior to the execution and delivery of the note remains, unless overcome by the evidence in the case, and the case is for the jury on all the circumstances. *Answer :* This is refused. [2]

3. If the jury believe that the note in suit remains now in all particulars as made when executed by Samuel Rineard and delivered to the plaintiff, then the verdict should be for the plaintiff for the amount of the note and interest. *Answer :* This is refused; there being no evidence upon which they can find that fact, and the court has taken the question from the jury. [3]

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–3) above instructions, quoting them ; (4) in giving binding instructions for defendant.

*Charles H. Bergner,* with him *H. M. Bretz,* and *Wetzel & Hambleton,* for appellant, cited : Jordan v. Stewart, 23 Pa. 244 ; Dutton's Estate, 205 Pa. 244.

*Levi B. Alricks* and *George R. Barnett,* with them *John H. Alricks,* for appellees, cited : Marshall v. Gougler, 10 S. & R. 164 ; Stahl v. Berger, 10 S. & R. 170 ; Jordan v. Stewart, 23 Pa. 244 ; Neff v. Horner, 63 Pa. 327 ; Fulmer v. Seitz, 68 Pa. 237 ; Craighead v. McLoney, 99 Pa. 211 ; Burgwin v. Bishop, 91 Pa. 336 ; Nesbitt v. Turner, 155 Pa. 429 ; Martin v. Kline, 157 Pa. 473 ; Laubach v. Meyers, 147 Pa. 447 ; Bush v. Bush, 200 Pa. 392 ; Dutton's Est., 205 Pa. 244; Howard Express Co. v. Wile, 64 Pa. 201; Lerch v. Bard, 153 Pa. 573; Coal, etc., Co. v. Evans, 176 Pa. 28.

OPINION BY MR. JUSTICE MESTREZAT, June 15, 1904 :

This was an action of assumpsit on a single bill or note under seal dated June 19, 1891, signed by Samuel Rineard and payable after his death to the order of Catharine E. Bowers, the plaintiff. The note is as follows :

" $4,000. WEST FAIR VIEW, CUMBERLAND COUNTY, PA.,
                                " June 19, 1891.

" ~~One year after date~~ I promise to pay to the order of Catharine E. Bowers, four thousand dollars, after my death, with

interest, without defalcation for value received, waiving the right of all valuation, appraisement, stay, homestead or exemption laws.

"Witness present:                SAMUEL RINEARD [Seal]"

This suit was brought April 17, 1903, against Rineard's executors. On the trial of the case the plaintiff, after proving the maker's signature, offered the note in evidence. The defendants objected to the offer on the ground that an inspection of the note disclosed alterations and changes in material parts of the instrument, and that before the note could be admitted as evidence the plaintiff was required to show to the satisfaction of the jury that the alterations were made before the execution and delivery of the note. The court, however, admitted the note but reserved the question raised by the objection for further consideration.. The defendants then introduced testimony to show that there were alterations in material parts of the note, apparent on inspection, and that the body of the note was in the handwriting of the plaintiff. The note was partly printed and partly written, and the testimony on the part of the defendants tended to show that an inspection of the instrument disclosed among other things that blue-black ink was used in the written part of the original note ; that the date was originally January 19, 1891, and the note was payable one year after date to Catharine Bowers, and that several years thereafter brown ink had been used in changing the written part of the note to its present condition. The plaintiff offered evidence in rebuttal to explain the alterations in the note. It will be observed that the note sued on is dated June 19, 1891, is payable to Catharine E. Bowers after the maker's death, and that the words "one year after date" have been erased by drawing a line through them.

At the conclusion of the testimony the learned trial judge withdrew the case from the consideration of the jury and directed a verdict for the defendants, on the ground that there were material alterations apparent on the face of the note prejudicial to the maker and that there was no evidence in the case explaining the alterations. A judgment having been entered on the verdict the plaintiff has taken this appeal.

The plaintiff contends in support of her appeal that the

court erred in directing a verdict for the defendants because
(1) the alterations were not prejudicial to the maker of the
note and hence not a ground of suspicion as to their having
been improperly made, and (2) there was evidence explana-
tory of the alterations sufficient to warrant the court in sub-
mitting the case to the jury. We do not regard either of
these positions as tenable. The plaintiff's counsel admit that
alterations were made in the date and time of payment, and
that they are material to the validity of the note. They are
also, as we think, prejudicial to the interests of the maker.
They destroy the integrity of the original instrument and sub-
ject the maker to liability on a contract to which he was not a
party. The change of date is not apparently injurious to the
maker, but it was manifestly made for a purpose which we
cannot assume to have been intended to be, or is, detrimental
to the party who made it. On the contrary it must be pre-
sumed that the plaintiff would not have made the alteration
or permitted it to have been made in the date of the instru-
ment if it was prejudicial to her interest, or was not in some
way advantageous to her. The change of the time of pay-
ment from one year after date of the note till after the death
of the maker was clearly prejudicial to him for the reasons sug-
gested by the trial court. The note bore interest from its date,
and the alteration gave the plaintiff a permanent investment
for her money at the legal rate of interest during the life of
the maker of the note. The original date and time of pay-
ment of the instrument permitted him to pay it at any time
after January 19, 1892, but by the terms of the note in suit he
could not discharge the obligation during his life. By her act
in making the alteration, therefore, she prevented him from ex-
ercising the privilege of paying the note, which might have
been most beneficial to him, and, considering the length of
time the note had to run, imposed an undesirable obligation
upon him. While the death of Rineard sealed the lips of
the plaintiff, yet if she is permitted to recover on the note in
suit his death does not prejudice her, while it does prevent
him from defending against the altered instrument. If she
can recover by the mere proof of his signature to the original
note, her postponement of the time of payment by changing
the date of the maturity of the note till after his death denies

him the opportunity of making a defense without in any way being prejudicial to her rights.

As suggested above it is conceded by the plaintiff that the changes in the date and time of payment of the note are both material alterations and are apparent from an inspection of the instrument. The least that could be expected or required under these facts to sustain an action on the note was that the plaintiff should show to the satisfaction of the jury that the alterations were made prior to the execution of the note or made after its execution with the consent of the maker. As the payee of the note, she had the custody of it from the date of its execution. She is therefore presumed to know why and when the alterations were made and with what intention they were made. The note in its present condition and as presented to the court and jury was not the obligation of the defendant's intestate. He executed no note to the plaintiff on June 19, 1891, and made no promise on that date to pay any sum to her. Neither did he execute an obligation on that or any other date to pay her $4,000 after his death. In other words, the note in suit was not executed by the defendant's intestate. These facts are conclusively established by the testimony in the case and the alterations apparent on the face of the instrument in suit, which are admitted to have been made while it was in the possession and control of the plaintiff. Unless therefore the changes made in the note are explained by the plaintiff as required by the trial court, she could not be permitted to enforce the note in suit for the all-sufficient reason that it is not the contract or obligation of defendant's intestate. The only ground for a recovery here is the note in suit and the burden is on the plaintiff to show that Rineard signed and delivered it to her or agreed to the alterations in the note of January 19, 1891, which resulted in the contract in its present form.

The plaintiff offered no evidence in explanation of the alterations in the note which would have enabled the jury to determine why the alterations were made or when they were made or that the maker of the note had any knowledge that they were made. The most that can be said of the testimony offered for this purpose is that it tended to establish an indebtedness of $4,000 in 1888, by Rineard to the plaintiff as evidenced by the first note and that another note was executed on January 19,

1891, for a like amount, but this evidence does not show why the latter note was changed in date to June 19, 1891, or was altered so as to become payable after the maker's death instead of one year after its date. The plaintiff was required to produce evidence to establish these facts, and the burden was not met by proving an indebtedness of Rineard to the plaintiff.

For the reasons stated, the learned trial judge committed no error in directing a verdict for the defendants, and therefore the judgment is affirmed.